IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GRETA L.,[1]

    Plaintiff,

v.    Civil Action No. 3:23CV851 (RCY)

LELAND DUDEK,[2]
Acting Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION**
**(Adopting Report and Recommendation of the Magistrate Judge)**

Plaintiff Greta L. challenges the Social Security Administration Commissioner's ("Commissioner" or "Defendant") final decision to deny her Title II application for Disability Insurance Benefits. On January 30, 2025, Magistrate Judge Summer L. Speight issued a Report and Recommendation ("R&R") on the parties' cross-motions for summary judgment (ECF No. 15). The R&R recommended that the Court (1) deny the plaintiff's motion for summary judgment; (2) grant the Commissioner's motion for summary judgment; and (3) affirm the final decision of the Commissioner. Plaintiff has objected to the Magistrate Judge's R&R and asks that the Court reject the R&R and remand the matter for further administrative proceedings. For the reasons that follow, the Court will overrule Plaintiff's objections and will adopt the Magistrate Judge's R&R in full.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts refer to claimants in social security cases by first name and last initial.

[2] Leland Dudek became the Acting Commissioner of Social Security in February 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he has been substituted for the former Commissioner/Acting Commissioner as Defendant in this action. 42 U.S.C. § 405(g).

### I.     STANDARD OF REVIEW

A district court reviews *de novo* any part of a Magistrate Judge's disposition to which a party has *properly* objected. Fed. R. Civ. P. 72(b)(3); *Wimmer v. Cook*, 774 F.2d 68, 73 (4th Cir. 1985). "[A] mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) (quoting *Abou-Hussein v. Mabus*, No. 2:09-1988, 2010 WL 4340935, at *1 (D.S.C. Oct. 28, 2010), *aff'd*, 414 F. App'x 518 (4th Cir. 2011)). Instead, proper "objections must respond to a specific error in the" R&R. *Overstreet v. Berryhill*, No. 7:16cv585, 2018 WL 1370865, at *1 (W.D. Va. Mar. 16, 2018). As long as the "grounds for objection are clear, district court judges must consider them *de novo*, or else run afoul of both § 636(b)(1) and Article III." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). If no proper objection is made, the district court need only review the R&R for clear error. *John R. v. Kijakazi*, No. 2:22cv47, 2023 WL 2682358, at *1 (E.D. Va. Mar. 29, 2023) (citing *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005)).

In conducting *de novo* review, a court analyzes the Commissioner's final decision using the same standard as that used by the Magistrate Judge. The reviewing court must determine whether the factual findings are supported by substantial evidence and whether the proper legal standard was applied in evaluating the evidence. *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005). Substantial evidence requires "more than a mere scintilla of evidence but may be somewhat less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In reviewing for substantial evidence, a court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." *Id.* Upon concluding

its review, a court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## II.    ANALYSIS

Plaintiff asserts that the Court should reject the Magistrate Judge's finding that the ALJ did not err in evaluating the medical opinions of Dr. Maestrello, specifically with respect to evaluating (1) the supportability factor, and (2) the consistency factor. Pl.'s Obj. 1–2, ECF No. 16. Plaintiff asserts that in both cases, the Magistrate Judge "attempt[ed] to rehabilitate the ALJ's decision with her own *post-hoc* narrative discussions" of the supposedly supporting evidence, and that, "[e]ven if there was evidence on the record to support a negative supportability and consistency finding, it was the ALJ's duty to provide that discussion in the decision, not the duty of . . . the Magistrate Judge to provide that discussion after the fact." *Id.* at 3.

The Court finds that Plaintiff's objections simply rehash Plaintiff's arguments from her motion for summary judgment: that "[t]he ALJ's RFC determination is not supported by substantial evidence and is the product of legal error because the ALJ improperly evaluated the medical opinion of Dr. Maestrello." Pl.'s Mem. Supp. Mot. Sum. J. 1, 9, ECF No. 11. *Compare id*. at 13 ("[T]he ALJ's similar failure to explain her reasoning regarding the supportability and consistency of Dr. Maestrello's opinion was an error warranting remand. Even if this Court were able to guess at the ALJ's reasoning regarding these two factors, this action would be impermissible *post-hoc* rationalization."); *and id.* at 15 ("[T]he ALJ has not created an accurate and logical bridge from the evidence to [her] conclusion."), *with* Pl.'s Obj. 1–3 (presenting same intertwined arguments). Plaintiff endeavors to couch the recycled arguments as error on the part of the Magistrate Judge (e.g., that the Magistrate Judge "repeat[ed] Defendant's mistake of simply

crafting their own narrative bridge based on [evidence] summaries [provided elsewhere in the ALJ's decision]."). Pl.'s Obj. 2. But Plaintiff offers no true argument for error beyond the simple fact that the Magistrate Judge did not accept Plaintiff's argument in the original Motion for Summary Judgment that the ALJ did not sufficiently explain the bases for her supportability and consistency conclusions in evaluating Dr. Maestrello's opinion.

In light of this "rehashing of the arguments" from Plaintiff's Motion for Summary Judgment, *see Nichols*, 100 F. Supp. 3d at 497, the Court finds that *de novo* review of the Magistrate Judge's R&R is unnecessary and reviews the R&R for clear error only. *See John R.*, 2023 WL 2682358, at *1 (E.D. Va. Mar. 29, 2023); *see also Lee v. Saul*, No. 2:18cv214, 2019 WL 3557876, at *1 (E.D. Va. Aug. 5, 2019). After considering in detail the administrative record, the R&R, and Plaintiff's Objections and Motion for Summary Judgment, the Court is not persuaded that the Magistrate Judge committed clear error. The Court finds the R&R well-reasoned and supported by the record and applicable law. The Court thus will adopt the R&R in full.

As Magistrate Judge Speight explained, "[w]hen read as a whole, the ALJ's decision builds a logical bridge between the evidence she summarized and her conclusion that the level of restrictions opined by Dr. Maestrello are inconsistent with the record." R&R 17–18. Prior to explaining the weight afforded to Dr. Maestrello's opinion, the ALJ had already detailed her review of Plaintiff's medical records, R. at 24–35; this summary included Plaintiff's own, subjective complaints juxtaposed against Plaintiff's presentation at examinations and assessments and Plaintiff's treatment records, *id.*; this summary included descriptions drawn from Dr. Maestrello's own treatment notes, *id.* at 27–29, 31, 34, 382–83, 720, 724, 970–72, 1021, 1023, 1183, 1187. Based on this prior articulation, the Court agrees with the Magistrate Judge that "[t]he ALJ did not err by relying on prior summaries of Dr. Maestrello's treatment notes in conducting

4

the supportability analysis," R&R 17, and similarly that the ALJ's decision "builds a logical bridge between the evidence she summarized and her conclusion" that Dr. Maestrello's opinion was "not consistent with the record as a whole," *id*. at 17–18. *See also Lori R. v. O'Malley*, No. 2:22-cv-508, 2024 WL 1283788, at *6, 9 (E.D. Va. Mar. 26, 2024) (acknowledging that courts can look for "sufficient explanation elsewhere in the ALJ's opinion for the Court to trace the path of [the ALJ's] reasoning regarding . . . consistency" and supportability); *Todd A. v. Kijakazi*, No. 3:20cv594, 2021 WL 5348668, at *4 (E.D. Va. Nov. 16, 2021) ("[An] ALJ need not use any "particular language or adhere to a particular format" in issuing her decision; on review, courts should read the ALJ's opinion as a whole.). As a result, the Court finds that the evidence summarized by the ALJ allows the Court to trace the ALJ's reasoning and that, ultimately, the ALJ's conclusions are supported by substantial evidence.

### III. CONCLUSION

Having reviewed the record, the Court will overrule Plaintiff's objections to the Magistrate Judge's R&R, adopt the R&R, grant the Commissioner's motion for summary judgment, and deny the Plaintiff's motion for summary judgment.

An appropriate Order will accompany this Memorandum Opinion.

/s/ RCY
Roderick C. Young
United States District Judge

Date: February 28, 2025
Richmond, Virginia